UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RITA R. SMITH,

              Plaintiff,

-against-

MOUNT SINAI HOSPITAL; ANN
McNICHOLAS; DEVIN SULLIVAN;
JEFFREY SILBERSTIEN; JAY JAFFE,

              Defendants.

22-CV-4260 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint alleging that Defendants violated her rights. By order dated July 26, 2022, the Court directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on September 12, 2022, and the Court has reviewed it.[1] The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

        The following facts are drawn from the original complaint. In January 2016, Plaintiff was falsely accused of "shoving" Ashante Choice, a co-worker at Mt. Sinai/St. Luke's Hospital in New York. (ECF 2 ¶ III.) At some point after that incident, the "Labor Relations" office ordered Plaintiff's firing. Plaintiff was required to sign a "last chance agreement," but Choice was not. Plaintiff was treated differently from Choice because Choice had family members who also worked at the hospital. (*Id.*) Choice was later fired for harassing another employee. (*Id.*) Plaintiff

---

[1] Plaintiff also submitted a letter asking the Court to expedite its consideration of her case. (ECF 11.)

alleges that her firing was unlawful, and she seeks back pay and other money damages. When Plaintiff filed this complaint, she provided a North Carolina address. (*Id.* ¶ II.)

In its July 26, 2022 order to amend, the Court: (1) construed the complaint as asserting an employment discrimination claim under its federal question jurisdiction, and instructed Plaintiff to provide any facts suggesting that Defendant had discriminated or retaliated against her because of a characteristic protected by a federal antidiscrimination statute; and (2) explained to Plaintiff that if she sought to assert state law claims under the Court's diversity jurisdiction, she needed to show that there was diversity of citizenship and that the amount in controversy exceeded $75,000. (ECF 7.)

Invoking the Court's federal question jurisdiction in the amended complaint, Plaintiff asserts claims of "slander, libel, harassment, protected activity harassment, psychological harassment, stay away provision negligence, bribery." (ECF 10 ¶ I.) In addition to naming the hospital as a defendant, Plaintiff also names six hospital employees: (1) Ann McNichols, Senior Manager of Labor Relations; (2) Devin Sullivan, Vice-President of Labor Relations; (3) Jeffrey Silberstien, Executive Vice-President of Mount Sinai Health System; and (4) Jay Jaffe; (5) Aiya Thompson, Housekeeper; and (6) Leota Scott, Environmental Department Supervisor. (*Id.* ¶ II.) The amended complaint does not contain facts explaining why these individuals are named or how they were involved in the events giving rise to this action. Plaintiff reiterates that, in 2016, she was fired after the incident involving Choice. (*Id.* ¶ III.) According to Plaintiff, she resides in North Carolina, "but will soon be returning back to New York." (*Id.* ¶ I.B.)

The amended complaint does not contain facts demonstrating that the Court has subject matter jurisdiction of this matter. Plaintiff invokes the Court's federal question jurisdiction, 28 U.S.C. § 1331, but the facts alleged do not implicate a federal question. Plaintiff alleges that she

was treated differently from Choice because Choice had family members who worked at the hospital. Although Plaintiff provides more detail in the amended complaint about the events leading up to her losing her job, she does not allege that she was fired in violation of any federal law.

In addition, Plaintiff asserts a number of new state law claims in the amended complaint, such as libel, slander, harassment, and negligence, but she does not allege that there is diversity of citizenship or that her claim meets the statutory amount in controversy. Accordingly, for the reasons set forth in the July 26, 2022 order, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## FURTHER LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it appears that the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   October 17, 2022
            New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge